# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

TERRENCE JOSEPH MCGUIRK,

        Petitioner,

v.                                    CIVIL ACTION NO. 2:19-cv-00625

SUPERINTENDENT ROBERTS,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's pro-se *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1), attached exhibits, and the additional exhibits submitted as attachments to Document 5. Because the Plaintiff is acting *pro se,* his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

The Petitioner, Terrence Joseph McGuirk, is detained on federal criminal charges pending before this Court in Criminal No. 2:18-cr-225-5, involving conspiracy to distribute large quantities of methamphetamine. He requests "[i]mmediate release from custody, dismiss Indictment with prejudice and release all seized property." (Pet. at 7.)

28 U.S.C. § 2241 permits the filing of pretrial petitions for habeas relief. However, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). Where a §2241 petition seeks relief that may be

pursued before the trial court in the criminal proceeding, courts have routinely dismissed the habeas petition. *See, e.g.*, *Lucas v. Francis*, No. CA 2:15-0626, 2015 WL 9899362, at *4 (S.D.W. Va. Dec. 28, 2015) (VanDervort, M.J.); *Saunders v. U.S. Marshal Serv.*, No. CV 1:16-1149-BHH-SVH, 2016 WL 4118927, at *1 (D.S.C. Apr. 29, 2016), *report and recommendation adopted*, No. CV 1:16-1149-BHH, 2016 WL 4060955 (D.S.C. July 29, 2016); *Ketchum v. Unnamed Respondent*, No. 5:11-HC-2228-FL, 2012 WL 3629027, at *1 (E.D.N.C. Aug. 22, 2012); *LeSane v. United States*, No. 3:08CV247, 2008 WL 4154303, at *1 (E.D. Va. Sept. 5, 2008), *aff'd*, 308 F. App'x 694 (4th Cir. 2009) ("To be eligible for habeas corpus relief under 28 U.S.C. § 2241, a federal pretrial detainee must first exhaust other available remedies.").

Mr. McGuirk presents a litany of complaints related to the ongoing criminal prosecution, many of which have been addressed in the criminal proceeding. A second superseding indictment in the criminal case was returned on September 11, 2019, and the Court granted motions to continue filed by several Defendants, including Mr. McGuirk, rescheduling trial for February 24, 2020. The deadline for the filing of pretrial motions is January 17, 2020. Mr. McGuirk has filed numerous pro-se motions and letters in the criminal case. Because he is represented by counsel in the criminal case, the Court declined to address his pro-se motions. His attorney has represented that he is continuing to review evidence, consult experts, and determine what, if any, pretrial motions to file. The complaints that have not been addressed in the criminal prosecution are either frivolous or more suited to pretrial motions practice, which has not yet occurred.

Mr. McGuirk's Petition presents no extraordinary circumstances supporting habeas relief. His ongoing criminal case is the appropriate forum for his various challenges to the prosecution. Accordingly, after careful consideration, and pursuant to the screening provision contained in 28

U.S.C. § 1915A, the Court **ORDERS** that the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1) be **DISMISSED** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, to counsel of record, and to any unrepresented party.

ENTER: September 18, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA